4 F.3d 995
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Douglas RODGERS, Defendant-Appellant.
 No. 93-5134.
 United States Court of Appeals, Sixth Circuit.
 Aug. 30, 1993.
 
 Before MARTIN and SUHRHEINRICH, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant Douglas Rodgers appeals from the jury verdict finding him guilty of possession of 80 grams of cocaine base with intent to distribute in violation of 21 U.S.C. Sec. 841(a)(1). For the following reasons, we AFFIRM.
 
 I.
 
 2
 On February 19, 1992, Raymond Myles, a police informant, called defendant to arrange for the purchase of three ounces of cocaine for $900 an ounce. This call was requested and monitored by police officer Henry Williams. The transaction was arranged through the use of a basketball code referring to playing "3-on-3" with "ninth-graders," which Myles testified he and defendant had used before. The purchase was set to occur later that day at Myles's grocery store.
 
 
 3
 At approximately 9 p.m., defendant arrived at the store. He was accompanied by co-defendant Stanley Green. After he ascertained that defendant was prepared to sell the drugs, Myles went outside with defendant and Green and let the top up on his convertible, a pre-arranged signal for police officers to arrest defendant. The officers converged on the store and arrested both defendant and Green.
 
 
 4
 The officers searched defendant, Green, Myles's store, and defendant's car. These searches revealed three ounces of cocaine in Green's sock, and some marijuana and crack cocaine in defendant's car. The officers also searched a store operated by defendant and the apartment above it, finding some marijuana in the apartment.
 
 
 5
 Defendant and Green were indicted for possession of 80 grams of cocaine base with intent to distribute in violation of 21 U.S.C. Sec. 841(a)(1). Green pled guilty, while defendant pled not guilty. After a two-day jury trial, defendant was convicted. Defendant moved for new trial alleging a variety of evidentiary errors. The court denied the motion and sentenced defendant to 135 months imprisonment. Defendant now timely appeals.
 
 II.
 A.
 
 6
 Defendant first argues that the district court erred by allowing testimony by Myles that defendant was a drug dealer, and that they had engaged in prior drug transactions. On direct examination by the government, Myles testified that defendant was a drug dealer. Defendant objected, and the court instructed the jury to disregard the statement. On cross-examination, defendant asked Myles whether the basketball code was used commonly or just between Myles and defendant. Myles responded that defendant had used it with him, but he did not know if he had used it with others. Myles then testified that he and defendant had been dealing since August of the previous year. On redirect, the government clarified that Myles was referring to dealing in cocaine. Defendant objected on the basis of Fed.R.Evid. 404, and was sustained.
 
 
 7
 Rule 404(a) generally forbids the introduction of character evidence to prove a defendant's propensity to commit a crime.[1] Defendant argues that Myles's testimony violated Rule 404(a). We review Rule 404 determinations for an abuse of discretion. United States v. Campbell, 845 F.2d 1374, 1380 (6th Cir.), cert. denied, 488 U.S. 908 (1988); United States v. Ebens, 800 F.2d 1422, 1432-33 (6th Cir.1986). Here, we find none. The district court gave a curative instruction sufficient to cure any prejudicial effect of Myles's testimony on direct. See United States v. Marino, 658 F.2d 1120, 1124 (6th Cir.1981) (limiting instruction not to consider evidence to prove bad character protects a defendant from prejudicial impact). At that point, defendant's rights had been preserved.
 
 
 8
 On cross-examination, defendant opened the door to the same evidence by establishing Myles's prior drug dealing relationship with defendant. Once the door had been opened, the government could pursue the matter on redirect. See United States v. Ramos, 861 F.2d 461, 468-69 (6th Cir.1988) (opening the door precludes a party from complaining about the introduction of similar evidence by the opposing party), cert. denied, 489 U.S. 1071 (1989), and cert. denied, 490 U.S. 1011 (1989). Nevertheless, the court sustained defendant's second objection to the evidence. In this circumstance, if the court abused its discretion, it did so by excluding the evidence rather than admitting it after defendant had opened the door. Thus, the error benefited defendant, and is not a basis for reversal.
 
 
 9
 Defendant also argues that the government intentionally introduced prejudicial evidence when it asked officer Williams on redirect whether he had found any marijuana in the apartment above defendant's store. Defendant objected and the court sustained the objection, instructing the jury not to consider the testimony. Because the testimony was excluded and a curative instruction was given, it supplies no basis to reverse defendant's conviction.
 
 B.
 
 10
 Defendant next argues that the district court erred in allowing the government to recall officer Williams to establish a chain of custody for cocaine found in defendant's car. Initially, Williams testified that he found only marijuana in the car. Another officer then testified that cocaine was found in the car after it had been impounded, and was turned over to Williams. The government then recalled Williams, who testified that he had found the cocaine at the scene, but had forgotten to secure it until the other officer found it at the impound lot and showed it to him. We recognize the inconsistency in Williams's testimony, but find no evidentiary error.
 
 
 11
 Trial courts are given broad discretion to determine the order of proof at trial. Fed.R.Evid. 611(a); United States v. Maddox, 944 F.2d 1223, 1230 (6th Cir.), cert. denied, 112 S.Ct. 400 (1991), and cert. denied, 112 S.Ct. 610 (1991), and cert. denied, 112 S.Ct. 948 (1992), and cert. denied, 112 S.Ct. 2317 (1992); United States v. Terry, 729 F.2d 1063, 1067 (6th Cir.1984); United States v. Vinson, 606 F.2d 149, 152 (6th Cir.1979), cert. denied, 444 U.S. 1074 (1980), and cert. denied, 445 U.S. 904 (1980). Here, the government had not rested its case-in-chief, and the district court was free to allow the government to recall witnesses to supply a "technical requirement" or a "detail overlooked by inadvertence." United States v. Blankenship, 775 F.2d 735, 740-41 (6th Cir.1985). That is the case here, and we find no reversible error.
 
 C.
 
 12
 Defendant argues lastly that the district court erred in admitting a prior inconsistent statement made by Green as substantive evidence. Defendant called Green to testify that the cocaine which Green had in his sock was not defendant's and that defendant had no knowledge of it. The government attempted to impeach this testimony on cross-examination with a prior inconsistent statement made by Green shortly after the arrest, in which he inculpates defendant. Ultimately, the statement itself was admitted as substantive evidence by the government.
 
 
 13
 The government argues that the prior statement was properly admitted as a statement against interest under Fed.R.Evid. 804(b)(3).[2] To be admissible under Rule 804(a)(3), a statement must meet three requirements:
 
 
 14
 First, the declarant must be unavailable. Second, from the perspective of the average, reasonable person, the statement must have been truly adverse to the declarant's penal interest, considering when it was made. Finally, corroborating circumstances must clearly establish the trustworthiness of the statement.
 
 
 15
 United States v. Noel, 938 F.2d 685, 688 (6th Cir.1991) (quoting United States v. MacDonald, 688 F.2d 224, 232-33 (4th Cir.1982), cert. denied, 459 U.S. 1103 (1983) (citations omitted)). We review for an abuse of discretion. Noel, 938 F.2d at 688.
 
 
 16
 Unavailability under Rule 804(a) includes situations where the declarant "testifies to a lack of memory of the subject matter of the declarant's statement." Fed.R.Evid. 804(a)(3). The government argues that Green did not remember his statement, and therefore testified to a lack of memory of the subject matter involved. We agree. Green testified that he did not "remember everything that happened that night." This lack of memory qualifies him as an unavailable witness under rule 804(a)(3).
 
 
 17
 It is undisputed that the statement subjects Green to potential criminal liability, and is therefore against his interests. As to the requirement of corroboration, we conclude that the other evidence of the events that transpired that evening establish the trustworthiness of the prior inconsistent statement. For these reasons, we hold that the statement was properly admitted.
 
 III.
 
 18
 For the foregoing reasons, we AFFIRM.
 
 
 
 [1]
 Rule 404(a) states:
 (a) Character evidence generally. Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion....
 
 
 [2]
 Rule 804(b)(3) states, in pertinent part:
 (b) Hearsay exceptions. The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:
 * * *
 (3) Statement against interest. A statement which ... at the time of its making ... so far tended to subject the declarant to ... criminal liability ... that a reasonable person in the declarant's position would not have made the statement unless believing it to be true. A statement tending to expose the declarant to criminal liability and offered to exculpate the accused is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement.